RICHARD A. MARSHACK
rmarshack@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:16-bk-12895-CB |
| 29 PRIME, INC., | Chapter 7 |
| Debtor. | APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY AMEZCUA-MOLL & ASSOCIATES, P.C. AS SPECIAL LITIGATION COUNSEL; DECLARATION OF ROSE AMEZCUA-MOLL IN SUPPORT |
| | [NO HEARING REQUIRED] |

TO THE HONORABLE CATHERINE E. BAUER, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER INTERESTED PARTIES:

Richard A. Marshack, in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of 29 Prime, Inc. ("Debtor"), respectfully submits this application ("Application") for entry of an Order authorizing the employment of Amezcua-Moll & Associates, P.C. ("Firm") as the Trustee's special litigation counsel in this case pursuant to 11 U.S.C. §327 to evaluate and prosecute insider claims.

In support of this Application, the Trustee respectfully represents as follows:

/ / /

/ / /

1

APPLICATION TO EMPLOY SPECIAL LITIGATION COUNSEL

5000-351

## 1. Pertinent Background Facts

### a. *Bankruptcy Background*

On July 8, 2016, Debtor filed a voluntary petition under Chapter 7 of Title 11 the United States Code. On the same day, Richard A. Marshack was appointed as Chapter 7 Trustee.

Trustee has been advised that the Estate may have claims against former management, officers, directors and employees for improper conduct including taking and using intellectual property and taking improper distributions (collectively, "Insider Claims"). Trustee seeks authority to retain counsel to evaluate and prosecute claims against current and former officers, directors, shareholders, employees, and insiders (including friends or relatives of any insider, collectively "Insiders").

### A. Proposed Employment of the Firm

As a result of the foregoing, the Trustee seeks to employ the Firm as special counsel to advise and assist the Trustee with respect to Insider Claims pursuant to 11 U.S.C. §327(e).

### B. Requirements for Application to Employ Professionals

Pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 2014-1, there follows a summary of the proposed employment of the Firm. Should any additional information be requested by the Office of the United States Trustee, the Court, or any party in interest, the Firm will provide a supplemental declaration prior to any hearing on this Application.

#### (1) LBR 2014-1(b)(1)(A) and LBR 2014-1(b)(3)(B) – Employment and Compensation

Pursuant to LBR 2014-1(b)(1)(A), "[a]n application seeking approval of employment of a professional person pursuant to 11 U.S.C. §§ 327, 328, 1103(a), or 1114 must comply with the requirements of FRBP 2014 and 6003(a) and be filed with the court. The application must specify unambiguously whether the professional seeks compensation pursuant to 11 U.S.C. § 328 or 11 U.S.C. § 330."

Pursuant to LBR 2014-1(b)(3)(B), the Notice of the Application must also "[s]tate whether the professional seeks compensation pursuant to 11 U.S.C. § 328 or 11 U.S.C. § 330."

The Trustee seeks employment of the Firm pursuant to 11 U.S.C. §327. The Firm will seek compensation pursuant to 11 U.S.C. §§330 and 331.

### (2) FRBP 2014

Rule 2014(a) of the Federal Rules of Bankruptcy Procedure provides as follows:

An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to §327, §1103, or §1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and, unless the case is a chapter 9 municipality case, a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

The Trustee is seeking employment of the Firm. A copy of this Application will be served on the Office of the United States Trustee.

### (a) FRBP 2014 - Facts Showing the Necessity for the Employment

Trustee requires special counsel to advise and represent the Estate in the most efficient and expeditious manner possible. The Trustee believes that the Firm is well qualified to represent him in this regard. The appointment of the Firm is in the best interest of the Estate and its creditors because the Firm has extensive experience in prosecuting claims against officers, directors, shareholders, employees, and insiders. It is in the best interest of the Estate as Trustee believes that there is no other firm that is more qualified that would accept this representation because of the risk of non-payment.

The Trustee specifically requests authorization to employ the Firm as his counsel to represent him in this instant Chapter 7 case and to render the following professional services:

    a.    Evaluate whether the Estate has any meritorious insider claims;

    b.    Prosecute insider claims which counsel believes is meritorious;

The Firm and the Trustee are cognizant of the Court's potential concerns that (1) the Firm and any general bankruptcy counsel the Trustee may retain do not duplicate services, or (2) the Firm performs any trustee services pursuant to 11 U.S.C. §326(a). The Firm will only represent, advise, and assist the Trustee in connection with the Insider Claims and will not perform any trustee services.

## (b) FRBP 2014 and LBR 2014-1(b)(3)(A) - Name of the Person to Be Employed

In addition to the provisions of Rule 2014 of the Federal Rules of Bankruptcy Procedure, LBR 2014-1(b)(3)(A) provides that the Notice of the Application must "[s]tate the *identity of the professional* and the purpose and scope for which it is being employed" (emphasis added).

The Trustee seeks to employ the law firm of Amezcua-Moll & Associates, P.C. Pursuant to Rule 2014(b) of the Federal Rules of Bankruptcy Procedure, partners, members, and regular associates of the Firm will act as attorneys for the Estate without further order of the court.

The persons who will render services in connection with the Firm's representation of the Estate are identified in the Firm's billing detail, to be submitted with each application for allowance of fees and reimbursement of costs, by their initials. The primary individuals providing services to the Estate include:

|  | **Timekeeper** |
|---|---|
| RAM | Rosemary Amezcua-Moll |
| SJN | Sarah J. Nowels |

The Firm shall keep billing records, and shall keep a contemporaneous record of all time spent and shall send its time records to the Trustee by the 10th of the following month for which the time was recorded. Compensation shall be on an hourly basis, plus reasonable costs. The Firm understands that it is expected to perform at least 80% of the work (by hours, in proportion to

the Trustee's general bankruptcy counsel, Rutan & Tucker, LLP) in connection with the Insider Claims. If the Firm performs less than 80% of the work in connection with the Insider Claims, the Trustee and the Firm agree that the Firm's fees may be reduced at the sole discretion of the Court.

### (c) FRBP 2014 and LBR 2014-1(b)(3)(A) - Reasons for the Selection

In addition to the provisions of Rule 2014 of the Federal Rules of Bankruptcy Procedure, LBR 2014-1(b)(3)(A) provides that the Notice of the Application must "[s]tate the identity of the professional and the *purpose* and scope for which it is being employed" (emphasis added).

The Trustee believes that the Firm is well-qualified to render the requested professional services to the Estate, set forth more fully below. The Firm has extensive experience in this type of litigation. Moreover, the Firm has litigated several complex cases with overlapping bankruptcy and civil matters.

All attorneys comprising or associated with the Firm who will appear in this case are duly admitted to practice law in the courts of the State of California and the United States District Court for the Central District of California. *See* Amezcua-Moll Decl., Ex. 1.

### (d) FRBP 2014 and LBR 2014-1(b)(3)(A) - Professional Services to be Rendered

In addition to the provisions of Rule 2014 of the Federal Rules of Bankruptcy Procedure, LBR 2014-1(b)(3)(A) provides that the Notice of the Application must "[s]tate the identity of the professional and the purpose and *scope* for which it is being employed" (emphasis added).

The Firm will provide services as set forth in 2a above.

### (e) FRBP 2014 and LBR 2014-1(b)(3)(C) - Proposed Arrangement for Compensation

In addition to the provisions of Rule 2014 of the Federal Rules of Bankruptcy Procedure, LBR 2014-1(b)(3)(C) provides that the Notice of the Application must "[d]escribe the arrangements for compensation, including the hourly rate of each professional to render services, source of the fees, the source and amount of any retainer, the date on which it was paid, and any provision regarding replenishment thereof[.]"

1    The Firm shall keep billing records, and shall keep a contemporaneous record of all time
2 spent and shall send its time records to the Trustee by the 10th of the following month for which
3 the time was recorded.  Compensation shall be on an hourly basis, plus reasonable costs.  The
4 Firm understands that it is expected to perform at least 80% of the work (by hours, in proportion to
5 the Trustee's general bankruptcy counsel, Rutan & Tucker, LLP) in connection with the Insider
6 Claims.  If the Firm performs less than 80% of the work in connection with the Insider Claims, the
7 Trustee and the Firm agree that the Firm's fees may be reduced at the sole discretion of the Court.

8    The Firm will be compensated from assets of the Estate, if any, and will not be
9 compensated absent the Estate's receipt or recovery of such assets.  The Firm has received no
10 retainer for the services to be performed in this case, and has agreed that no retainer will be paid.

11    The Firm understands that its compensation in this case is subject to approval by the
12 Bankruptcy Court.  In compliance with 11 U.S.C. §§330 and 331, the Firm intends to file interim
13 and final applications for allowance of fees and reimbursement of costs as and when appropriate.

14    The Firm has advised the Trustee that the Firm has not shared or agreed to share any
15 compensation to be received by it in this case with any other person, except as among partners of
16 the Firm.

### (f)    FRBP 2014 - Firm's Connections and Associations

18    Except as disclosed herein and to the best of the Firm's knowledge, neither the Firm, nor
19 any of the attorneys comprising or employed by it, have any connection with the Debtor or the
20 Debtor's attorneys or accountants, the Debtor's creditors (except as set forth herein), or any other
21 outside party in interest, or their respective attorneys or accountants.

22    The Firm represents Mike Rosenthal, a former employee of the Debtor, in his claims
23 against Debtor for unpaid funds, fraud and related claims.  Mr. Rosenthal's services included
24 bookkeeping and other related tasks.

25    Mr. Rosenthal retained Amezcua-Moll & Associates, PC to represent him in claims against
26 the debtor and related parties to debtor.  The causes of action pled in the complaint against debtor
27 include:

28    (1)    Breach of Fiduciary Duty – Direct Suit – Against Directors of Debtor

(2) Breach of Fiduciary Duty – Derivative – Against Directors of Debtor

(3) Constructive Discharge– Against Debtor

(4) Violation of Labor Code § 1194– Against Debtor

(5) Violation of Labor Code § 201– Against Debtor

(6) Violation of Labor Code § 226– Against Directors of Debtor

(7) Breach of Written Contract– Against Debtor and Directors of Debtor

(8) Constructive Trust– Against Alter Egos and/or Successor Entities of Debtor

(9) Removal of Dishonest Director– Against a Director of Debtor

(10) Accounting– Against Alter Egos and/or Successor Entities of Debtor

(11) Fraud– Against a Director of Debtor

(12) Injunctive Relief– Against Debtor, Alter Egos and/or Successor Entities of Debtor and Directors of Debtor.

The Firm does not have an interest adverse to the Debtor or the bankruptcy Estate. As of the Petition Date, the Firm was not a creditor of the Estate and was not owed any funds by the Debtor.

The Firm seeks to recover funds for the Estate and will not represent the Trustee or Estate in any claims Mr. Rosenthal may have against the Estate.

Based on the foregoing, the Trustee believes that the Firm is a "disinterested person" within the meaning of Bankruptcy Code Section 101(14) except as noted herein.

To the best of the Firm's knowledge, and as set forth in the attached Amezcua-Moll Declaration, none of the attorneys comprising or employed by the Firm are related to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or any person currently employed in the Office of the United States Trustee.

### (3) LBR 2014-1(b)(1)(B) – Disinterestedness of the Firm

Pursuant to Pursuant to LBR 2014-1(b)(1)(B), "The application must be accompanied by a declaration of the person to be employed establishing disinterestedness or disclosing the nature of any interest held by such person." The Amezcua-Moll Declaration submitted with this Application provides information establishing the Firm's nature of interest held.

7

APPLICATION TO EMPLOY SPECIAL LITIGATION COUNSEL

5000-351

**(4)    LBR 2014-1(b)(1)(C) – Service on Office of the United States Trustee**

Pursuant to Pursuant to LBR 2014-1(b)(1)(C), "The United States Trustee must be served, in accordance with LBR 2002-2(a), with a copy of the application and supporting declaration not later than the day it is filed with the court. No hearing is required unless requested by the United States trustee or a party in interest, or as otherwise ordered by the court." As set forth in the sworn Proof of Service filed contemporaneously with this document, a copy of this Application was served on the Office of the United States Trustee on the date this Application was filed with the Court.

**2.    Conclusion**

WHEREFORE, the Trustee requests that it be authorized to employ the Firm as its general counsel pursuant to 11 U.S.C. §327 on an hourly basis with any compensation and reimbursement of costs to be paid by the Estate only upon application to and approval by the Court pursuant to 11 U.S.C. §§330 and 331. Special Counsel shall be authorized to serve as counsel for the Estate to undertake all work as outlined herein and to perform any tasks relating to Insider Claims.

Dated:  February 10, 2017                    Respectfully submitted,

By:   /s/ Richard A. Marshack
      RICHARD A. MARSHACK
      Chapter 7 Trustee for the Bankruptcy
      Estate of 29 Prime, Inc.

# Declaration of Rosemary Amezcua-Moll

I, ROSEMARY AMEZCUA-MOLL, declare and state as follows:

1. I am an attorney at law licensed to practice in this state and admitted to practice in this Court. I am a partner in the law firm Amezcua-Moll & Associates, P.C. ("Firm") and maintain offices at 1122 E. Lincoln Avenue, Suite 203, Orange, CA 92865.

2. I make this Declaration in support of the Application of Chapter 7 Trustee to Employ Amezcua-Moll & Associates, P.C. ("Application") filed by the Chapter 7 Trustee (the "Trustee") for the Bankruptcy Estate ("Estate") of 29 Prime, Inc. (the "Debtor") Case No. 8:16-bk-12895-CB. If called as a witness, I could and would competently testify to the following of my own personal knowledge, information and belief.

3. The Firm is well-qualified to perform the legal services required in this case. In particular, the attorneys practicing law at the Firm have extensive experience in claims against officers, directors, employees and insiders. Moreover, the Firm often litigates complex cases.

4. All attorneys comprising or associated with the Firm who will appear in this case are duly admitted to practice law in the courts of the State of California and in the United States District Court for the Central District of California. Biographies of the attorneys at my Firm are attached hereto as Exhibit "1."

5. The Firm has not received a retainer for the services to be performed herein.

6. The Firm understands that its compensation in this case is subject to approval of this Court pursuant to 11 U.S.C. §§ 327, 330 and 331. The Firm shall keep billing records, and shall keep a contemporaneous record of all time spent and shall send its time records to the Trustee by the 10th of the following month for which the time was recorded. Compensation shall be on an hourly basis, plus reasonable costs. The Firm understands that it is expected to perform at least 80% of the work (by hours, in proportion to the Trustee's general bankruptcy counsel, Rutan & Tucker, LLP) in connection with the Insider Claims. If the Firm performs less than 80% of the work in connection with the Insider Claims, the Trustee and the Firm agree that the Firm's fees may be reduced at the sole discretion of the Court.

7. The Firm has not shared or agreed to share any compensation to be received by it in the case with any other person, except as among partners of the Firm.

8. The Firm completed a conflicts check prior to submitting this Application and all conflicts have been disclosed.

9. To the best of my knowledge, neither the Firm, nor any of the attorneys comprising or employed by it, has any connection with the Debtor or the Debtor's attorneys or accountants, the Debtor's creditors, except as set forth herein, or any other outside party in interest, or their respective attorneys or accountants.

10. The Firm represents Mike Rosenthal, a former employee of the Debtor, in his claims against Debtor and Debtor's insiders, as defined herein, for unpaid funds. Mr. Rosenthal understands that claims owned by the Estate will be prosecuted and that if there are assets in the Estate he will be permitted a distribution if he has an allowed claim.

11. The Firm reserves the right to represent Mr. Rosenthal to establish his claim against the Estate.

12. The Firm is not and was not an investment banker for any outstanding security of the Debtor.

13. The Firm has not been within three (3) years before the date of the filing of the petition herein, an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtor.

14. The Firm is not and was not, within two (2) years before the date of the filing of the petition herein, a director, officer or employee of the Debtor or of any investment banker for any security of the Debtor.

15. As of the Petition Date, the Firm was not a creditor of the Estate, an equity security holder or an insider of the Debtor. The Firm has no pre-petition claim against Debtor's Estate and was not owed any funds by the Debtor.

16. The Firm neither holds nor represents any interest materially adverse to the interest of the Estate or of any class of creditors or equity security holders, by reason of any direct or

indirect relationship to, connection with, or interest in, the Debtor or an investment banker for any security of the Debtor, or for any other reason.

17. To the best of my knowledge, none of the attorneys comprising or employed by the Firm are related to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or any person currently employed in the Office of the United States Trustee.

18. The Firm does not have an interest adverse to the Debtor or the bankruptcy Estate.

19. Based on the foregoing, the Trustee believes that the Firm is a "disinterested person" within the meaning of Bankruptcy Code §101(14).

After conducting or supervising the investigation described in Paragraph 8 above, I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on February 8, 2017, at Orange, California.

*[signature]*
ROSE AMEZCUA-MOLL

EXHIBIT 1



*Experience · Compassion · Justice*

ROSE AMEZCUA-MOLL

SARAH J. NOWELS

1122 E. Lincoln Ave., Ste 203
Orange, CA 92865
714-288-2826 Phone
714-464-4536 Facsimile

# FIRM RESUME

A summary of the Firm's litigation practice, and the experience and qualifications of those attorneys with the Firm who are expected to render services to the Trustee, are as follows:

1. **Amezcua-Moll & Associates, P.C.** provides legal services in the areas of Employment, Business and Real Estate litigation and transactional work in each of those areas.
2. **Rosemary Amezcua-Moll**, Partner. SBN 223875. Fourteen (14) years practicing in California and Federal Courts. Ms. Amezcua-Moll focuses her practice on Employment, Business and Real Estate litigation and transactional work in each of those areas. Ms. Amezcua-Moll is in good standing with the California State Bar.
3. **Sarah Nowels,** Partner. SBN 273471. Six (6) years practicing in California and Federal Courts. Ms. Nowels focuses her practice on Employment and Business litigation. Ms. Nowels is in good standing with the California State Bar.

**Billing Rates**:

| Name | Position | Rate |
|---|---|---|
| Rose Amezcua-Moll | Senior Partner | $375.00 |
| Sarah J. Nowels | Partner | $325.00 |
| Raymond Geach | Paid Legal Interns | $175.00 |
| Ava Vahdat | Paid Legal Intern | $175.00 |
| Sadaf Djavadi | Paid Legal Intern | $175.00 |
| Regina Zernay | Paid Legal Intern | $175.00 |
| Paid Legal Interns | Legal Support Staff | $175.00 |
| Shirlyn Bennett | Legal Support Staff | $125.00 |
| Amanda Brown | Legal Support Staff | $125.00 |
| Tracy Burkhardt | Legal Support Staff | $125.00 |
| Karen Draper | Legal Support Staff | $125.00 |

EXHIBIT 1
Page 12

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 870 Roosevelt Avenue, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): **APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY SPECIAL LITIGATION COUNSEL; DECLARATION OF ROSE AMEZCUA-MOLL IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 10, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- ATTORNEY FOR DEBTOR: Richard L Barnett    rick@barnettrubin.com, kelly@barnettrubin.com
- ATTORNEY FOR TRUSTEE: Caroline Djang    cdjang@rutan.com
- TRUSTEE: Richard A Marshack (TR)    pkraus@marshackhays.com, rmarshack@iq7technology.com
- U.S. TRUSTEE: United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On  **February 10, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR**
29 PRIME, INC.
24310 MOULTON PARKWAY
SUITE O-103
LAGUNA HILLS, CA 92637-3306

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

SERVICE ON JUDGE NOT REQUIRED PURSUANT TO LBR 5005-2(d)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 10, 2017 | Pamela Kraus | /s/ Pamela Kraus |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**